**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:   ltfisher@bursor.com
          apersinger@bursor.com
          ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FATIMA ACOSTA, on Behalf of Herself and all Others Similarly Situated, <br><br> Plaintiff, <br> v. <br><br> SHANLEY CORP. D/B/A TTC MARKETING SOLUTIONS, and TTC-AMERIDIAL, LLC., <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Fatima Acosta ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on information and belief, except that Plaintiff's allegations as to her own actions are based on personal knowledge.

**NATURE OF THE ACTION**

1. In January 2016, Defendants Shanley Corp. d/b/a TTC Marketing Solutions and TTC-Ameridial, LLC., (collectively "Defendants") made dozens of unsolicited and harassing calls to Plaintiff on her cellular telephone using an automatic telephone dialing system and/or an artificial or prerecorded voice. Plaintiff did not give Defendants prior express written consent to make these calls.

2. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendants in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

**PARTIES**

3. Plaintiff Fatima Acosta is, and at all times mentioned herein was, a resident of Chualar, California and a citizen of the State of California.

4. Defendant Shanley Corp. is an Illinois corporation with its principal place of business located at 3945 North Neenah Avenue Chicago, Illinois 60634. Shanley Corp. runs a telemarking operation that continuously changes its name in an effort to avoid prosecution for the illegal telemarketing practices they employ. Since its incorporation, Shanley Corp. has operated under 14 different business names, most recently as TTC Marketing Solutions. Shanley Corp. has also done business under the names College-Service.com, ThePhone-Service.com, TheCable-Serivce.com, Online.edu-help.com, EducationRecruting.com, SerniorLivingSite.com, HelpingSeniorsSite.com, MyQuoteSource.com, HomeProtectionSite.com, Insurance-Quote-Site.com, 1-800 Back Pain, Career Advisor, and TTC Medical Solutions.

5. Defendant TTC-Ameridial, LLC. is an Ohio corporation with its principal place of business located at 3945 North Neenah Avenue Chicago, Illinois 60634. TTC-Ameridial, LLC. and Shanley Corp. are one in the same. The companies share the same business location, president, and board. Since its incorporation, Defendant TTC-Ameridial, LLC. has also done business under several other names in an effort to avoid prosecution for the illegal telemarketing tactics they employ. TTC-Ameridial, LLC.'s aliases include Online Edu Help, and College Services.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendants; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statute, the TCPA.

8. Venue is proper in this Court under 28 U.S.C. § 1391 because Defendants transact significant business within this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

**A.   The Telephone Consumer Protection Act Of 1991**

9. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

10. Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

CLASS ACTION COMPLAINT                                                                                                          2

11. According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

12. The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.    Defendants' Robocalls to Plaintiff and Class Members**

13. In January 2016, Defendants called Plaintiff's cellular telephone using an automatic telephone dialing system and/or artificial or prerecorded voice. Plaintiff estimates the number of calls from Defendants to be in the dozens.

14. Prior to the calls at issue in this action, Plaintiff never had any contact with Defendants. Plaintiff has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendants. Plaintiff has never provided Defendants with her telephone number.

15. Two of the calls at issue in this action took place on January 28, 2016. At 12:04 PM, and again at 1:50 PM on January 28, 2016, Defendants called Plaintiff from the telephone number (773) 570-4689. Plaintiff has also received autodialed telephone calls from Defendants originating from other telephone numbers.

16. When Plaintiff answers calls from Defendants, she hears a pause or dead air before anyone on the line begins to speak, indicating use of an automatic telephone dialing system. Plaintiff has repeatedly asked Defendants to stop calling her. Despite her requests, Defendants' calls continue.

17. Online consumer complaints regarding Defendants' unsolicited robocalls and autodialed calls are abundant:

- "This number has been calling me nonstop for days now. I finally answered this afternoon and it is a recorded message about going back to school. Very annoying!"[1]

---
[1] http://800notes.com/Phone.aspx/1-773-570-4689

- "I wish these people would stop calling me!!! 5 times in the past day…leave me alone!!!!!!!!!!!!"[2]

- "After receiving several calls from this number today and no voice mail left, I picked up this last call. It was a computer calling, pausing in the right moments for you to "answer" their questions. I didn't catch on it wasn't a real person until I tried to explain I haven't searched for online education opportunities in over three years...but it kept talking over me without even a pause."[3]

- "Phone number will not quit calling. Very disruptive."[4]

- "This #  773-570-4689: keeps calling me, I answered and they said it was from "Online EDU" they want to help my son further his education career. I asked them to remove this number."[5]

- "Call and leave no message a few times every day. But you can hear noise in the background of the recording."[6]

- "Calling repeatedly after telling them I'm not interested."[7]

- "Excessive calling"[8]

- "This number calls multiple times a day, does not leave a message or even speak most of the time."[9]

## CLASS ACTION ALLEGATIONS

18. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated.

19. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendants in order to promote its products or services; (d) for whom Defendants had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system and/or artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

---

[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] http://www.whitepages.com/phone/1-773-570-4689
[7] *Id.*
[8] *Id.*
[9] http://jerkcall.com/1-773-570-4689

CLASS ACTION COMPLAINT                                                           4

20. Plaintiff represents, and is a member of, the proposed Class. Excluded from the proposed Class are Defendants and any entities in which Defendants have a controlling interest, Defendants' agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

21. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes based on the scale of Defendants' business, and the number of online complaints, that the class is so numerous that individual joinder would be impracticable.

22. Plaintiff and all members of the proposed Class have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

23. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The proposed Class can be identified easily through records maintained by Defendants.

24. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed Class. Those common question of law and fact include, but are not limited to, the following:

    a. Whether Defendants made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

    b. Whether Defendants made telephone calls to class members using an automatic telephone dialing system;

    c. Whether Defendants' conduct was knowing and/or willful;

    d. Whether Defendants are liable for damages, and the amount of such damages, and

    e. Whether Defendants should be enjoined from engaging in such conduct in the future.

25. As a person who received numerous and repeated calls on her telephone through the use of an autodialer and/or artificial or prerecorded voice, without her prior express written consent, Plaintiff asserts claims that are typical of each member of the Class. Plaintiff will fairly and adequately represent and protect the interests of the proposed Class, and has no interests which are antagonistic to any member of the proposed Class.

26. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

27. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel Defendants to comply with the TCPA. The interest of the members of the proposed Class in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are relatively small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the Class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

28. Defendants have acted on grounds generally applicable to the proposed Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

29. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

CLASS ACTION COMPLAINT                                                                                                                  6

30. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

31. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

32. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

33. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

34. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

35. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

36. As a result of Defendants' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the Class are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

37. Plaintiff and members of the proposed Class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

38. Plaintiff and members of the proposed Class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed Class the following relief against Defendants:

a. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

b. As a result of Defendants' willful and/or knowing violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c. As a result of Defendants' violations of the TCPA, Plaintiff seeks for herself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed Class;

e. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  February 26, 2016                        Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:  */s/ Annick M. Persinger*
         Annick M. Persinger

L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455

CLASS ACTION COMPLAINT                                                                                              8

1
2
3
4
5
6
7
8
...
28

Email:  ltfisher@bursor.com
         apersinger@bursor.com
         ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiff*